**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-7646**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

KEITH A. DAVIS, a/k/a Black,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, Senior District Judge.  (3:11-cr-00512-MBS-1)

Submitted:  March 12, 2020        Decided:  March 17, 2020

Before KING, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Keith A. Davis, Appellant Pro Se.  John David Rowell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Denver, Colorado, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith A. Davis appeals the district court's order dismissing various postjudgment motions regarding his conviction for possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a) (2018). First, we deny Davis's motion to voluntarily dismiss his bankruptcy and forfeiture claims because he failed to submit a signed dismissal agreement as required by Fed. R. App. P. 42(b). But on appeal, we confine our review to the issues raised in the Appellant's brief. *See* 4th Cir. R. 34(b). Davis concedes that his bankruptcy and forfeiture claims were not properly before the district court, so he has forfeited appellate review of the court's order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

Next, we conclude that the district court did not err in denying Davis's motion to reconsider the court's previous denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (2018). The district court may only reduce a sentence under § 3582(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Here, Davis' Guidelines range was not lowered by Amendment 782, which lowered the offense levels for drug offenses by 2 levels, because his Guidelines range was based on his status as a career offender. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

2

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*